CULPEPPER, Judge.
This is a suit for damages for personal injuries arising out of an automobile accident. Defendant is the employer of one *814 Wilmer Mott, whose negligence caused the accident which injured plaintiff. Plaintiff’s collision insurer, Employers Fire Insurance Company, intervened for recovery of the property damages it paid. From a judgment for plaintiff and the intervenor, defendant appeals. We affirm.
The sole issue for our determination is whether defendant’s employee, whose negligence was found by the trial court to be the sole cause of the accident, was within the course and scope of his employment with defendant at the time of the accident.
The facts are undisputed. Wilmer Mott was employed as a service man by Empire Gas. His job included repairing gas storage tanks, for which he was on call 24 hours a day. He was instructed to keep a company-owned service truck at his home every night so he could make these service calls.
On the night of April 27, 1973, Mott received a call at his home from a customer who reported a gas leak. He proceeded in the company truck to the home of the customer and repaired the leak. He then started driving back toward his home. His route required that he pass through the intersection of Davis Road and Goos Road. Upon reaching that intersection, he would have turned left in order to proceed directly to his home.
However, on this particular night Mr. Mott needed a package of cigarettes, and there was no store open at that hour on the direct route to his home. Therefore, upon reaching the intersection, instead of turning left to go home, he turned right in order to go to a store to purchase cigarettes. The accident happened about one-half mile past the intersection where he made this right turn, but prior to the time he reached the store. As he pulled out into the “T” intersection of Goos Road and Westwood Road he was struck by plaintiff’s automobile.
LSA-C.C. Article 2320 provides in pertinent part:
“Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.”
Jurisprudence has construed the quoted portion of Article 2320 to mean that the employer is liable for the tortious acts of his employees “committed while acting within the scope and course of his employer’s business.” Jones v. City of Lake Charles, 295 So.2d 914 (La.App. 3rd Cir. 1974) and the cases cited therein.
In the recent case of LeBrane v. Lewis, La., 292 So.2d 216 (1974) our Supreme 'Court held that where activity is “primarily employment rooted” or where it is “reasonably incidental” to the employer’s business, tortious conduct caused by that activity will be imputed to the employer. The Court also stated that where the tortious conduct is “so closely connected in time, place and causation to his employment-duties as to be regarded a risk of harm fairly attributable to the employer’s business”, liability for that conduct will be imposed upon the employer.
In the instant case, we conclude that defendant’s employee, Wilmer Mott, was within the course and scope of his employment at the time of the accident. This conclusion is mandated by the fact that, in the words of the court in LeBrane, the activity precipitating the injury (obtaining cigarettes) was “primarily employment rooted”. Mr. Mott’s only purpose in leaving his home the night of the accident was to go on a service call for his employer. He completed the call successfully and was proceeding home when he chose to stop and buy cigarettes. A short detour for the purpose of buying cigarettes under these circumstances was “reasonably incidental” to the performance of the duties for which he was hired, and for which he was allowed to keep the company truck at home. *815 The purchasing of these cigarettes following a service call at night was “so closely connected in time, place and causation to his employment duties as to be regarded a risk of harm fairly attributable to the employer’s business.”
It makes no difference that, at the time of the accident Mr. Mott was on his way home rather than to his employer’s place of business. This is not the situation of an employee causing injury while en route to his home from the employer’s premises. See Leger v. Southern Farm Bureau Casualty Insurance Company, 251 So.2d 801 (La. App. 3rd Cir. 1971). Rather, he was on 24-hour call and was instructed by his employer to keep the company truck at home for the purpose of serving his employer and performing the duties for which he was hired. In the instant case, returning home was the same as returning to the employer’s premises following performance of a work-related function. See Barrett, The Factor of Route In The Doctrine of Re-Entry In Louisiana, 14 Tul.L.Rev. 72 (1939-AO) for an excellent discussion of deviation and re-entry.
Mr. Robert L. Phillips, retail manager of Empire Gas at the time of the accident, testified at the trial that though the company trucks were not to be used for personal missions by the employees there were no restrictions imposed upon the making of reasonable detours while on service calls. He stated that he knew employees made such detours and he knew that Wilmer Mott smoked. Mr. Mott testified that it was not at all unusual for him to stop and get cigarettes following completion of a service call.
We find, therefore, that at the time of the accident Wilmer Mott was performing a function reasonably incidental to his employer’s business as contemplated by the employment contract. There was no deviation and, hence, no necessity for a re-entry.
For the reasons assigned, the judgment of the district court is affirmed. All costs of this appeal are assessed to defendant-appellant.
AFFIRMED.